**ORAL ARGUMENT NOT YET SCHEDULED**

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, | ) ) ) ) | |
| Petitioners, | ) ) ) | No. 22-1237 |
| v. | ) ) | |
| UNITED STATES FOREST SERVICE, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

**INTERVENOR-RESPONDENTS SEVEN COUNTY
INFRASTRUCTURE COALITION AND
UINTA BASIN RAILWAY LLC'S REPLY IN SUPPORT
OF THEIR MOTION TO DISMISS**

# INTRODUCTION

Petitioners admit that district courts "[o]rdinarily" have jurisdiction over challenges to U.S. Forest Service decisions like this one. Petitioners' Opp. at 1, ECF No.1973620. They claim that this case is extraordinary because it "is fundamentally a collateral attack on the [Surface Transportation] Board's order authorizing" the new rail line proposed by Intervenor Seven County Infrastructure Coalition. *Id.* at 10. That claim misunderstands what a collateral attack is.

When a challenge to one agency action "'would have no effect on the validity' of" another agency action, the challengers "did not mount a collateral attack." *Gulf Restoration Network v. Haaland*, 47 F.4th 795, 802 (D.C. Cir. 2022) (quoting *Snoqualmie Valley Pres. Alliance v. U.S. Army Corps of Eng'rs*, 683 F.3d 1155, 1160 (9th Cir. 2012)). Here, no matter how Petitioners' claims against the Forest Service are resolved, they will not invalidate the Surface Transportation Board's decision. Seven County's construction of its new rail line may depend on its obtaining a Forest Service right-of-way, but the Board's authorization of that rail line does not.

Because this Court's statutory jurisdiction extends only to direct review of the Surface Transportation Board's decision, this case against the Forest Service should be dismissed.

## ARGUMENT

**I.    This case is not a collateral attack because it cannot invalidate the Board's decision.**

In opposing the motion to dismiss, Petitioners argue that this Court has jurisdiction to directly review the Forest Service's rail right-of-way decision because their "challenge is essentially a collateral attack on the Board's decision authorizing" the entire rail line. Opp. at 1. To reach that conclusion, they read the relevant cases as turning on "the practical effect of the challenge." *Id.* at 5. "[T]his Court," they say, "has exclusive jurisdiction over agency actions that are triggered by, lack independent significance from, and serve only to facilitate the order subject to direct review." *Id.* at 9.

Seven County agrees that the Court can directly review a challenge that usually must be brought in district court when that challenge is a collateral attack on an agency action that is subject to direct review. *See PennEast Pipeline Co., LLC v. New Jersey*, -- U.S. --, 141 S.Ct. 2244, 2254 (2021). But it disagrees with Petitioners' "practical" interpretation of a collateral attack. A collateral attack is not any suit that challenges a project also approved by another agency. Rather, a collateral attack must "require the court to modify or set aside" another agency's order. *Save the Colorado v. Spellmon,* 50 F.4th 954, 961 (10th Cir. 2022). As this Court has

2

explained, if a claim against one agency "would have no effect on the validity of" another agency's action, then the claimant "did not mount a collateral attack." *Gulf Restoration Network*, 47 F.4th at 802.

Petitioners suggest that if they prevail in this case, it "would 'restrain' the Board's authorization" of Seven County's railway because "the Board expressly conditioned its decision on the Forest Service granting Seven County the right-of-way . . . ." Opp. at 11. But the Board's decision is not conditional; only Seven County's ability to build is. When the Board's decision instructs Seven County to "comply with the reasonable mitigation conditions imposed by the Forest Service," it is not suggesting that failure to get a Forest Service right-of-way would invalidate the Board's authorization to construct the new rail line. Surface Transp. Bd., Docket No. FD 36284, 86 Fed. Reg. 72366, 72388 (Dec. 21, 2021). The Board was not saying that it authorizes the new rail line *if* Seven County gets a Forest Service right-of-way. It was saying that if Seven County needs to cross Forest Service land, it must comply with any reasonable conditions that the Forest Service imposes.[1] Imposing a

---

[1] The other mitigation measure cited by Petitioners, VM-55, is also a condition on Seven County, not on the Board's decision. *See* Opp. at 11.

3

condition on an applicant is not the same thing as making a conditional decision.

The Ninth Circuit's decision in *California Save Our Streams Council v. Yeutter* fits this framework. The statute at issue in *Yeutter* required the Federal Energy Regulatory Commission to "solicit and accept conditions" on its license. 887 F.2d 908, 910 (9th Cir. 1989). Those conditions became part of—indeed, "an important ingredient of"—the Commission's license. *Id.* at 912. Striking them would have invalidated the license, just as finding a biological opinion inadequate under the Endangered Species Act invalidates an agency decision that depends on it. *See Tacoma v. FERC*, 460 F.3d 53, 75-76 (D.C. Cir. 2006). Here, by contrast, the Forest Service decision is not an "ingredient" of the Surface Transportation Board's decision. It is more like the dessert course at a restaurant: part of the same meal, but entirely separate from the entrée. That is why the Ninth Circuit later distinguished *Yeutter* in holding that claims against the Corps of Engineers were not a "collateral attack" on a separate license because the remedy against the Corps "would have no effect on the validity of" that license. *Snoqualmie*, 683 F.3d at 1159-60.

4

Nor does it matter that the Forest Service and the Board used the same environmental review in making their separate decisions. *See* Opp. at 17. As the Forest Service points out in its response to Seven County's motion, it undertook an "independent review" of the environmental impact statement before adopting it. Forest Service Resp. at 7, ECF No. 1973550. Whether that review was flawed is a separate question from whether the Board's review was. And if a court makes findings in either of Petitioners' cases that concern the environmental impact statement itself, those findings can be applied to the other case using normal principles of claim and issue preclusion. *See, e.g.*, *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 919-20 (9th Cir. 2012) (discussing application of res judicata in the environmental review context). Consideration by the same court is unnecessary.

Finally, Petitioners' effort to portray the "inescapably intertwined" test as different from the collateral attack requirement fails. *See* Opp. at 15-17. As the Sixth Circuit explained in *Mokdad v. Lynch*, "[t]he purpose of the inescapable-intertwinement doctrine is to prevent a plaintiff from 'circumventing the exclusive jurisdiction of the court of appeals by collaterally attacking an administrative order in federal district court.'" 804 F.3d 807, 812 (6th Cir.

5

2015) (quoting *Ligon v. LaHood*, 614 F.3d 150, 155 (5th Cir. 2010)). The two tests are just two ways of looking at the same thing. Petitioner's challenge to the Forest Service's decision in this case is neither a collateral attack on the Surface Transportation Board's decision nor inescapably intertwined with that decision. It is a separate challenge to a separate decision that should be heard in a separate court.

## II. The Court should not retain jurisdiction over this case when it is not authorized by statute to do so.

As a last resort, Petitioners rely on *Shell Oil Company v. FERC* to argue that, even if the Court lacks "exclusive jurisdiction" over their claims, "it may still exercise jurisdiction over the entire case and coordinate it with Petitioners' pending action against the Board." Opp. at 20. But this case is nothing like *Shell Oil*.

In *Shell Oil*, two oil companies were fighting over access to a pipeline. 47 F.3d 1186, 1190 (D.C. Cir. 1995). When the Interstate Commerce Commission's ruling satisfied neither company, one sought direct review in this Court and the other filed a separate case in district court. *Id.* at 1191. The Court found that each party had filed in the right court, but still accepted jurisdiction when the district court case was transferred to it. *Id.* at 1193-95. The Court explained that "where an agency order arising from a common

6

factual background and addressing a common question of law relies on two statutory bases that give rise to separate paths to judicial review, the entire order should be reviewed . . . in the court of appeals." *Id.* at 1195. And it makes sense that two appeals from one order should be heard together.

In this case, Petitioners' claims against the Surface Transportation Board and the Forest Service arise from two agency orders, not one. As Petitioners admit, only the Board's decision has a statutory basis for review in this Court. Opp. at 3. Nor has any district court transferred Petitioners' non-jurisdictional challenge to the Forest Service's decision here. And even if there were some efficiencies to be gained—which is unlikely, given the divergent schedules in this case and the Board case—the Court "is not at liberty to displace, or to improve upon, the jurisdictional choices of Congress . . . ." *Loan Syndications & Trading Ass'n v. SEC*, 818 F.3d 716, 724 (D.C. Cir. 2016) (quoting *Five Flags Pipe Line Co. v. Dep't of Transp.*, 854 F.2d 1438, 1441 (D.C. Cir. 1988)). Because Congress has not chosen to allow direct appellate review of Forest Service decisions, this case should be dismissed.

7

## CONCULSION

Intervenors ask the Court to dismiss this case. They also join the Forest Service's request that this case be dismissed by a motions panel, to conserve the parties' and the Court's resources. *See* Forest Service Resp. at 13.

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because—excluding the cover, signature block, and certificates—it contains 1,521 words, as calculated by Microsoft Word's word-count function.

This document also complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared in a proportionally spaced typeface using Microsoft Word's 14-point Century Schoolbook font.

/s/ Jay C. Johnson
Jay C. Johnson

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, I served a true and correct copy of the foregoing Motion to Dismiss by electronic mail on all counsel of record via the Court's electronic filing system.

/s/ Jay C. Johnson
Jay C. Johnson